554 P.2d 983

STATE of New Mexico, Plaintiff-Appellant,

v.

Ernest A. NAJERA, a/k/a Bobby Cruz, Defendant-Appellee.

No. 2667.

Court of Appeals of New Mexico.

Sept. 14, 1976.

Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellant.

Jan A. Hartke, Acting Chief Public Defender, Don Klein, Acting Appellate Defender, Reginald J. Storment, Asst. Public Defender, Santa Fe, for defendant-appellee.

OPINION

WOOD, Chief Judge.

One of the charges against defendant was that he possessed burglary tools in violation of § 40A–16–5, N.M.S.A.1953 (2d Repl.Vol. 6). The trial court ruled that the statute was unconstitutionally vague. The State appealed. We placed the appeal on the summary calendar, proposing summary reversal on the basis of prior New Mexico decisions. Defendant has filed a memorandum in opposition to summary reversal.

■ A statute violates due process if it is so vague that persons of common intelligence must necessarily guess at its meaning. "The vagueness doctrine is based on notice and applies when a potential actor is exposed to criminal sanctions without a fair warning as to the nature of the proscribed activity." *State v. Marchiondo*, 85 N.M. 627, 515 P.2d 146 (Ct.App.1973).

Defendant asserts the definition of "burglary tools" comes within the above-quoted statement of the vagueness test. He states: "A hammer, a shovel, a crowbar, a hairpin and a clothes hanger are all perhaps capable of definition as 'burglary tools.' When is the person of ordinary intelligence to know when it is forbidden to have a hairpin in her possession?"

Defendant's contention fails to consider the statutory language. Section 40A–16–5, supra, reads:

"Possession of burglary tools consists of having in the person's possession a device or instrumentality designed or commonly used for the commission of burglary and under circumstances evincing an intent to use the same in the commission of burglary."

In determining the question of vagueness, we consider the statute as a whole. *State v. Orzen,* 83 N.M. 458, 493 P.2d 768 (Ct.App.1972). The statute gives notice that one is exposed to criminal sanctions if one: (1) possesses an instrumentality or device, (2) the instrumentality or device is designed or commonly used to commit burglary, and (3) the instrumentality or device is possessed under circumstances evincing an intent to use the instrumentality or device in committing burglary. The statute is not void for vagueness; it gives fair warning that possession of the type of instrument described in the statute, and under the circumstances described in the statute, is a crime. See *State v. Lawson,* 59 N.M. 482, 286 P.2d 1076 (1955); Compare, *Hines v. Baker,* 422 F.2d 1002 (10th Cir. 1970); *State v. Aguirre,* 84 N.M. 376, 503 P.2d 1154 (1972); *State v. Silva,* 86 N.M. 543, 525 P.2d 903 (Ct.App.1974); *State v. Minns,* 80 N.M. 269, 454 P.2d 355 (Ct.App.1969).

The order of the trial court dismissing Count III of the indictment is reversed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.