559 P.2d 1214

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John E. GURULE, Defendant-Appellant.**

**No. 2626.**

Court of Appeals of New Mexico.

Jan. 4, 1977.

Certiorari Denied Feb. 1, 1977.

Manny M. Aragon, Aragon, Martinez, Garcia & Gross, P.C., Albuquerque, for defendant-appellant.

**90**

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

■ Defendant was in charge of maintenance crews at the Bernalillo County Mental Health Center. There is evidence that defendant directed maintenance personnel to perform work for individuals, that this work was not work for the Mental Health Center, that time records of the Mental Health Center were approved by defendant which included this work. The result was maintenance personnel were paid with state funds for services not rendered to the State. Defendant appeals his conviction of violating § 40A–23–2, N.M.S.A.1953 (2d Repl. Vol. 6). Issues listed in the docketing statement, but not briefed, are deemed abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). The four issues argued concern: (1) constitutionality of § 40A–23–2, supra; (2) notice of the crime charged; (3) duplicity in the indictment; and (4) comments on the evidence by the trial court.

### Constitutionality of the Statute

Section 40A–23–2, supra, states:

"*Paying or receiving public money for services not rendered.*—Paying or receiving public money for services not rendered consists of knowingly making or receiving payment or causing payment to be made from public funds where such payment purports to be for wages, salary or remuneration for personal services which have not in fact been rendered.

"Nothing in this section shall be construed to prevent the payment of public funds where such payments are intended to cover lawful remuneration to public officers or public employees for vacation periods or absences from employment because of sickness, or for other lawfully authorized purposes.

"Whoever commits paying or receiving public money for services not rendered is guilty of a fourth degree felony."

Defendant contends the statute is unconstitutionally vague both as written and as applied. The vagueness claims are that fair warning was not given "of the exact conduct which is criminal." *State v. Marchiondo,* 85 N.M. 627, 515 P.2d 146 (Ct.App.1973).

The "as written" argument is directed to the exceptions in the second paragraph of the statute. Defendant asserts a person would not know whether a payment would be "lawful remuneration", particularly where the remuneration is "for other lawfully authorized purposes." The "as applied" argument is that whether a payment is for a lawfully authorized purpose depends upon administrative discretion. We disagree.

■ In determining whether a statute is unconstitutionally vague, we consider the statute as a whole. *State v. Najera,* 89 N.M. 522, 554 P.2d 983 (Ct.App.1976). As written, the statute gives fair warning against the expenditure of public funds for services not rendered. The statute excludes lawful payments for vacation time or sick leave or other lawfully authorized purposes. The reader is notified that expenditure of public funds for services not rendered is prohibited unless the expenditure has been lawfully authorized. There is no vagueness in the statute as written.

■ Application of the statute is not left to administrative discretion. Lawfulness of authorization is not determined by an administrative official; that determination will be made by a court. There is no missing standard as in *State v. Jaramillo,* 83 N.M. 800, 498 P.2d 687 (Ct.App.1972).

■ Defendant also contends the statute is unconstitutional because it has not been evenly applied. Such a contention provides no defense to the charges against defendant. *State v. Baldonado,* 79 N.M. 175, 441 P.2d 215 (Ct.App.1968).

■ Defendant seems to assert the statute has been unconstitutionally applied because, at trial, the evidence conflicted as to whether certain Mental Health Center employees were entitled to compensatory time.

This was a factual matter; it does not amount to a constitutional issue.

The constitutional claims are without merit.

*Notice of the Crime Charged*

The indictment reads:

"COUNT I: That between the 7th day of May, 1974, and the 30th day of October, 1975, in Bernalillo County, New Mexico, the above-named defendant did knowingly make or receive payment or cause payment to be made from public funds where such payment purported to be for wages, salary or remuneration for personal services which in fact had not been rendered, contrary to Section 40A–23–2, NMSA 1953, as amended."

■ The indictment is in the alternative; it charges that defendant "did knowingly make *or* receive payment *or* cause payment to be made from public funds". (Our emphasis.) The charge in the indictment follows the language of the statute. The indictment charges one crime committed in varying ways; the charge was not legally deficient. *State v. Ochoa*, 41 N.M. 589, 72 P.2d 609 (1937); *Territory v. Harrington*, 17 N.M. 62, 121 P. 613 (1912).

Defendant claims the alternative charge failed to give him notice of the crime charged in sufficient detail to enable him to prepare his defense. See *State v. Foster*, 87 N.M. 155, 530 P.2d 949 (Ct.App.1974). He also contends that the indictment fails to allege the essential facts as required by R.Crim.P. 5(d).

■ Defendant sought and obtained a statement of facts. R.Crim.P. 9. The statement of facts was to the effect that defendant caused payments of public funds to be made to six named individuals by submitting time sheets for payment of public funds to those individuals. Items of work not related to the individual's duties at the Mental Health Center were specified and the dates of this work were listed. The statement of facts gave defendant notice of the charges and the allegedly missing essential facts. See *State v. Mosley*, 75 N.M. 348, 404 P.2d 304 (1965); *State v. Lott*, 73 N.M. 280, 387 P.2d 855 (1963).

■ The indictment charges that the offense occurred between May 7, 1974 and October 30, 1975. The statement of facts refers to seventeen instances of non-Mental Health Center work performed by one or more of the six Mental Health Center employees during this period of time. Defendant asserts he could not properly prepare his defense because he was not informed as to which of the seventeen instances the State would attempt to prove. The contention is not accurate. The statement of facts informed defendant that the State was relying on each of the instances to prove the one offense charged in the indictment. See *State v. Ochoa*, supra. Defendant was informed of the crime charged in sufficient detail to enable him to prepare his defense. *State v. Foster*, supra.

Defendant asserts that notice was insufficient because of the multiplicity of instances relied on by the State. Defendant points out that it cannot be determined on what basis the jury reached its verdict of guilty. He claims he cannot "avail himself of his conviction as against further prosecution for the same offense." He also contends that the State failed to prove all of the instances relied on. *Crain v. United States*, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097 (1896) states:

"We perceive no sound reason why the doing of the prohibited thing, in each and all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute. And this is a view altogether favorable to an accused, who pleads not guilty to the charge contained in a single count; for a judgment on a general verdict of guilty upon that count will be a bar to any further prosecution in respect of any of the matters embraced by it."

■ Defendant also contends the indictment failed to give notice of the crime charged because, at trial, the State's proof

included incidents of non-Mental Health Center work which were not included within the statement of facts. This argument does not raise an issue as to the sufficiency of the indictment; rather, it goes to the admissibility of evidence at trial. Defendant does not claim on appeal that this evidence was inadmissible. See R.Crim.P. 7(c); Evidence Rule 404(b).

### Duplicity in the Indictment

The indictment (quoted above) charged "payment" in the singular. The trial court granted the State's motion to charge the plural—"payments". Defendant asserts: "This amendment permitted the State to proceed with a duplicitous number of charges as is evident from the testimony and Statement of Facts . . . .." Defendant claims the indictment was bad for duplicity.

"Duplicity in criminal pleading is the joinder of two or more distinct and separate offenses in the same count." *State v. Peke,* 70 N.M. 108, 371 P.2d 226 (1962). Defendant asserts the amendment of "payment" to "payments" added additional offenses in violation of R.Crim.P. 7(a); that the State should have been required to elect which of the seventeen instances it chose to rely on, or in the alternative, to allege the transactions in seventeen separate counts.

Defendant's argument overlooks the fact that he was charged with but one offense. A pleading is not double because only one offense is charged rather than as many offenses as the evidence might sustain. *Korholz v. United States,* 269 F.2d 897 (10th Cir. 1959); see *Crain v. United States,* supra; *Territory v. Harrington,* supra. The indictment was not double because the statement of facts and subsequent proof related to a series of items, even though each might have been alleged as a separate violation. *Cohen v. United States,* 378 F.2d 751 (9th Cir. 1967).

### Comments on the Evidence by the Trial Court

Defendant asserts that the trial court's comments on the evidence deprived him of a fair and impartial trial. Defendant relies on three items.

1. There was testimony concerning overtime pay and compensatory time. A juror stated that he did not understand the distinction between overtime and compensatory time. The judge explained the difference. Defendant claims this comment was prejudicial because the judge defined compensatory time as a matter of law rather than leaving it to the jury as a matter of fact. No such contention was raised in the trial court; this contention is raised for the first time on appeal. N.M.Crim.App. 308. In addition, the judge's comment was on the basis of the evidence presented and was a proper comment. *State v. Sedillo,* 76 N.M. 273, 414 P.2d 500 (1966).

Defendant also asserts that the judge's explanation "did not include applicability as regards the definition" stated by a witness later in the trial. This later witness did not define the term; rather, the witness testified that a certain class of employees was not entitled to compensatory time. Thus, the record does not support defendant's contention and, again, the contention made on appeal was not raised in the trial court. N.M.Crim.App. 308.

2. The trial court struck the testimony of a defense witness. Defendant asserts the witness' testimony was introduced for the purpose of challenging the credibility of a witness for the State and to show that defendant had made deliveries of furniture to the defense witness "as required by his job." The trial court struck the testimony as "irrelevant to the issues in this case." The ruling was correct; neither the testimony presented nor any tendered testimony established relevancy. See Evidence Rule 401. We do not understand defendant to claim that the trial court's ruling was incorrect.

Prior to striking the testimony, the judge made several remarks. One remark was to the effect that the court could not find any connection between the testimony and the case. Another was a question inquiring as to the relevancy of the testimony. Still another was that the witness had

not testified to anything of importance. These comments were not a comment upon the weight of the evidence; rather, they went to the legal basis for admission of the testimony. *State v. Carabajal,* 26 N.M. 384, 193 P. 406, 17 A.L.R. 1098 (1920). In themselves, the comments were not objectionable.

Defendant would have us consider the comments in relation to the manner in which the comments were made. "The writer does not have the ability to portray the looks of reproach bestowed by the judge and jury upon defendant's witness and defendant's counsel during the court's comments . . . ." We are unable to review this claim because neither the judge's tone of voice nor his manner when making the comments are included within the appellate record. *Territory v. O'Donnell,* 4 N.M. (Gild.) 196, 12 P. 743 (1887). Matters outside the record present no issue for review. *State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct.App.1975).

3. Defendant complains of the remark: "The Court will determine whether or not it is a crime. If it is not a crime, the Court will not submit it to a jury." This remark is not improper when considered in context. The context was that the witness on the stand could not properly give an opinion as to whether defendant had been engaged in criminal activity; rather, it was for the court to determine whether there was sufficient evidence for submission of the charge to the jury for decision.

4. Defendant urges us to consider the three items in combination. We have done so. In addition, we have reviewed other comments of the court appearing in the record. The trial court dealt severely with defense counsel at times, but the prosecutor received like treatment. The record does not show undue interference by the judge and does not show impatience or such a severe attitude on the part of the judge that prevented proper presentation of the cause or the ascertainment of the truth. The record does not show defendant was denied a fair trial. See *In re Will of Callaway,* 84 N.M. 125, 500 P.2d 410 (1972).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.