612 P.2d 1338
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Dale ROGERS, Defendant-Appellant.**

**No. 4366.**

Court of Appeals of New Mexico.

April 29, 1980.

Writ of Certiorari Denied May 21, 1980.

Barbara Nobel Farber, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

Defendant was convicted of harboring or aiding a felon, in violation of § 30–22–4, N.M.S.A.1978. He claims on appeal that the indictment should have been dismissed on his pretrial motion, or a verdict of acquittal directed after trial, because his conduct was not of the type intended to be proscribed by the statute and, furthermore, the statute is unconstitutional as vague and overbroad.

The charge against defendant resulted when he falsely confessed that he had shot and killed a man, after one of his friends had been arrested and charged with the crime. Defendant and another companion, together with the accused, had concocted the false confession (—and an equally false tale of self-defense) for the purpose of effecting the accused murderer's release from custody and subsequent prosecution.

The language of the statute to which defendant objects on constitutional grounds is that which declares that "harboring or aiding a felon consists of any person * * who knowingly conceals any offender or gives such offender *any other aid*, knowing that he has committed a felony, with the intent that he escape or avoid arrest, trial, conviction or punishment." Defendant acknowledges that the "harboring" and "concealing" portions of the statute do not apply to the facts of this case. He asserts that the definition of "to aid" given when the statute was construed in *State v. Lucero*, 88 N.M. 441, 541 P.2d 430 (1975), as "to assist, support or help," is so vague that it is "difficult, if not impossible, to ascertain just what human conduct is wrong and what is right within the confines of the statute," and that one should not have to guess at legislative proscription.

The vagueness doctrine is based on notice and fair warning of the nature of the proscribed activity. *State v. Coe*, 92 N.M. 320, 587 P.2d 973 (Ct.App.1978). *See Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). We said in *State v. Najera*, 89 N.M. 522, 554

P.2d 983 (Ct.App.1976), that a statute denies constitutional due process "if it is so vague that persons of common intelligence must necessarily guess at its meaning." The legislature is not required to write statutes for the understanding of persons who cannot or will not apply ordinary meanings to plain words; the person "of common intelligence" is the measuring stick. If the language used makes the statute understandable and sensible, that is all that is necessary to uphold it as valid. *Keller v. City of·Albuquerque*, 85 N.M. 134, 509 P.2d 1329 (1973). One with common intelligence should have no difficulty in understanding that knowingly confessing falsely to a crime, for the purpose of permitting an arrested felon to be released and thus escape "trial, conviction or punishment," is giving aid of a nature precisely proscribed by the statute.

The alleged conflict in interpretations of similar statutes in other jurisdictions, as suggested by appellant, is not apparent. The cases hold that if one gives a false statement to the authorities but it does not contain factual matters tending to raise a defense for the felon, he has not violated the "harboring or aiding" statute. If false information is given, on the other hand, to help a perpetrator elude punishment, that is conduct violative of the type of statute under discussion. Compare *Tipton v. State*, 126 Tex.Cr. 439, 72 S.W.2d 290 (1934), and *People v. Duty*, 71 Cal.Rptr. 606, 269 Cal. App.2d 97 (1969).

▪ Although defendant's point claims also an overbreadth of the statute, that alleged defect was not briefed or argued and we deem it wisely abandoned.

Interwoven into defendant's contention of unconstitutionality for denial of equal protection is his argument on the second issue, i. e., that under § 30–39–1, N.M.S.A. 1978 (1979 Supp.), and Albuquerque Ordinance 96–1973, § 2–16, making a false report to police authorities is a misdemeanor. The state and local laws on this issue indicate, he argues, "the legislative intent that Section 30–22–4 not apply to giving a statement to police when the statement might falsely exculpate a person."

He further insists that his prosecution for a fourth-degree felony was an arbitrary decision by law enforcement officials which denied him equal protection of the laws.

▪ We are unable to follow appellant's argument on the matter of legislative intent. It seems eminently clear to us that § 30–39–1, N.M.S.A.1978, which reads:

It is unlawful for any person to intentionally make a report to a law enforcement agency or official; which report he knows to be false at the time of making it, alleging a violation by another of the provisions of the Criminal Code. Any person violating the provisions of this section is guilty of a misdemeanor[,]

refers to a false accusation of another. Likewise, the Albuquerque ordinance makes it unlawful to

\* \* \* make or file with the Police Department any false, misleading or unfounded report or statement concerning the commission or alleged commission of any crime which hinders or interrupts any public officer, police officer, or any other person in the legal performance of his duty or in the exercise of his rights under the laws of the United States or of this State or of the City of Albuquerque.

Neither of these enactments embrace the crucial element of the crime defendant was charged with below: engaging in the prohibited conduct *"with the intent that he [the felon] escape or avoid arrest, trial, conviction or punishment."* The distinct legislative intent to punish two degrees of untruthfulness is apparent in each of the cited State statutes, and neither of them usurps or conflicts with the City's enactment. The ordinance relates to interference with or hindrance of the duties of public or police officers which results from intentional false statements about the commission of crimes. Under either the ordinance or § 30–39–1, *supra*, the purpose for making a false report is immaterial. The act alone is unlawful, and it is a misdemeanor offense. But when a false report is given which not only interrupts or hinders official investigation or activity, but is done with the opprobrious intention of aiding an offender to escape

the criminal process, that intentional conduct rises to the magnitude of a felony.

Even if § 30–39–1, *supra*, had been in effect at the time defendant was charged—and it was not, *see* N.M.Const. art. IV, § 23—defendant had no entitlement to be charged under that section of the New Mexico statutes or under the Albuquerque ordinance. His conduct fell precisely within the constraints of § 30–22–4, *supra*. The evidence would have supported a conviction in municipal court under the ordinance or under the misdemeanor statute, as well. Defendant cannot complain that he was charged with only one offense. *See State v. Gurule*, 90 N.M. 87, 559 P.2d 1214 (Ct. App.1977).

The trial court correctly denied the motions to dismiss the indictment and to direct a verdict of acquittal.

Defendant's conviction is AFFIRMED.

HERNANDEZ and ANDREWS, JJ., concur.