622 P.2d 1050
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Willie ANDAZOLA, Defendant-Appellant.**

**No. 4785.**

Court of Appeals of New Mexico.

Jan. 8, 1981.

John B. Bigelow, Chief Public Defender, Andrea L. Smith, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Indicted on two counts of aggravated assault upon a peace officer contrary to § 30–22–22(A)(1), N.M.S.A. 1978, defendant was convicted by a jury of two lesser included counts of resisting or obstructing an officer contrary to § 30–22–1(B), N.M.S.A. 1978. He appeals contending that the latter statute is unconstitutionally vague on its face and as applied to him.

■ The State contends that we should not consider the contention of the defendant because the constitutionality of § 30–22–1(B), *supra*, was not presented to the trial court for ruling. The claim that the statute is void goes to the jurisdiction of the district court to convict and may be raised for the first time on appeal. *State v. Austin*, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

The girl friend of the defendant called the police. Officers responded shortly thereafter. The left side of the girl friend's face was swollen and she had a blood blister on her lips. When the officers arrived, she shouted that the officers should arrest the defendant. The defendant would not talk to the officers; instead, he walked over to a large dog that was held on a chain. The dog was vicious, barking loudly, and showing its teeth. The officers were afraid of the dog and the defendant threatened to turn the dog loose on them. They responded that they would shoot the dog if the defendant released it.

While the defendant was with the dog, the girl friend, in an attempt to leave, entered the trailer house to get some clothing. Hereupon, the defendant unhitched the dog from its chain and, holding it by the collar, went inside the trailer house. From inside the trailer house the girl friend screamed for the officers not to leave her. Other officers were summoned.

Sometime thereafter, the dog was shot by the police. Subsequently, the officers removed the girl friend and her daughter from the trailer and arrested the defendant.

The defendant admitted that he had a fight with his girl friend, that the dog was trying to keep the police out of the trailer, but denied attacking the police with his dog. In addition, he testified that he went behind the dog to keep the dog from the police. He testified further that he was afraid that the police might shoot the dog so he took it inside the trailer house. The defendant admitted that he might have threatened his girl friend with a gun.

■ A statute violates due process only if it is so vague that persons of common intelligence must necessarily guess at its meaning. *State v. Najera*, 89 N.M. 522, 554 P.2d 983 (Ct.App.1976). Section 30–22–1, *supra*, in its pertinent subsection reads: "Resisting or obstructing an officer consists of: ... B. resisting or abusing any ... peace officer in the lawful discharge of his duties." In clear simple language, this statute puts everyone on notice that one would be exposed to criminal sanctions if he resisted or abused any peace officer who was engaged in the lawful discharge of his duties. We see no merit to the claim that this language is vague on its face.

■ The defendant's contention that the statute is unconstitutional or vague as applied to him is his claim that the jury, in effect, found him guilty of refusing to talk to the police and of being unwilling to cooperate with them after they entered his land to investigate a disturbance. The factual basis for defendant's claim is his assertion that because the jury did not find him guilty of assault on the police officers, the jury had to have found that he was not using his dog as a weapon, but was merely trying to keep the dog away from the police. Defendant's conclusion regarding the inner reasoning process of the jury is mere conjecture. We do not indulge in speculation as to why a jury acquits any defendant

on a charge. Our business is to review a verdict of conviction. *State v. Leyba*, 80 N.M. 190, 453 P.2d 211 (Ct.App.1969).

In light of the foregoing testimony, we fail to understand defendant's complaint that the statute was vague as applied to him. His testimony showed that the officers had occasion to be concerned about the safety of the girl friend and the jury could have found that he used the dog to hold off the policemen. He admitted that the situation was a standoff. Thus, in view of the testimony at trial, we find no merit to the assertion that the statute was vague as applied to the facts upon which the defendant's conviction was based.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WOOD, J., concur.