642 P.2d 1129
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Carlos CASTENEDA,
Defendant-Appellant.**

**No. 5280.**

Court of Appeals of New Mexico.

Feb. 25, 1982.

Chris Lucero, Jr., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant, Carlos Casteneda, seeks reversal of his convictions of three felony counts: filing a false public voucher; paying or receiving public money for services not rendered, and criminal solicitation. The charges for which defendant was convicted, stemmed from his alleged use of public materials, tools and equipment in building a home for himself in the Sandia Mountains, near Albuquerque.

On appeal, defendant asserts nine claims of error; that the court erred (1) in its refusal to grant a continuance, (2) in allowing evidence of extrinsic acts of alleged wrongdoing, (3) in receiving into evidence documentary exhibits unrelated to any of the charges against defendant, that (4) Count VI of the indictment was unconstitutionally vague and overbroad, (5) that the court erred in allowing the State to call a witness not listed in the pre-trial order, (6) in refusing to dismiss Counts IV and V of the indictment, (7) in refusing defendant's requested jury instructions as to lesser included offenses, (8) in not granting a new trial because of perjury of a prosecution witness, and (9) in not dismissing Count VII (criminal solicitation). We affirm.

### (1) *Denial of Continuance* :

Defendant claims error due to the refusal of the trial court to grant a continuance. Defendant's trial was originally scheduled on a trailing docket beginning June 16, 1981. At a pre-trial conference on June 8, 1981, counsel were advised that defendant's trial would be moved to June 10, 1981. On June 9, 1981, defense counsel moved for a continuance and informed the court that they were not prepared to go to trial. The trial court denied defendant's motion and observed that counsel had been aware of the advanced setting for several days and that no motion for continuance was made previously. The court further noted that during the pre-trial conference, defense counsel had moved for a continuance and the trial date was moved back a day at that time.

Defendant also claims the refusal to grant a continuance, resulted in his surprise as to the testimony of the State's witness, Betty Jane Maurino. At the time of the witness' testimony, defendant did not alert the court to any claim of surprise, nor did defendant move for a mistrial, renew the motion for a continuance, or request any relief from the court.

■ The necessity for a continuance depends entirely upon the particular facts of each case and for that reason, a motion for continuance is addressed to the trial court's discretion. *State v. Perez*, 95 N.M. 262, 620 P.2d 1287 (1980); *Howell v. State*, 632 P.2d 1223 (Okl.Cr.1981).

■ A review of the record fails to affirmatively show the existence of *any* demonstrable prejudice to defendant resulting from the trial court's denial of the motion for a continuance.

### (2) *Evidence of Other Acts* :

Defendant contends the trial court erred in admitting into evidence testimony of other alleged acts of wrongdoing by defendant.

Defendant first claims as error, the admission of the testimony of Carl Bonella, a senior internal auditor for the City of Albuquerque. Bonella testified that he conducted an audit of the municipal department that defendant directed after defendant had been suspended from his job, that he was unable to account for certain materials and that defendant had abused certain purchasing procedures. This testimony was received without objection. Thereafter, counsel for the State asked the witness which audit conducted by him of a city agency revealed the greatest laxity of administrative controls. Defendant objected on the lack of relevancy.

Defendant contends that the testimony of Bonella amounted to the presentation of evidence concerning defendant's character and evidence of other crimes, wrongs or acts, contrary to the provisions of N.M.R. Evid. 404, N.M.S.A. 1978. At trial, defendant's stated grounds for objection were not that the testimony was improper character evidence of other crimes or acts of wrongdoing, but that it was not relevant. The trial court correctly ruled the testimony relevant since it related to questions concerning defendant's opportunity to commit the offense of filing false public vouchers.

■ In objecting to evidence, it is the duty of counsel to advise the court specifically of the ground of objection, so that it may rule intelligently. *Malczewski v. McReynolds Construction Co.*, 96 N.M. 333, 630 P.2d 285 (Ct.App.1981). Even though testimony may have been properly excluded on one ground, it is not error to admit testimony where no proper or timely objection is asserted in the trial court. *Malczewski v. McReynolds Construction Co., supra;* see *Ash v. H. G. Reiter Co.*, 78 N.M. 194, 429 P.2d 653 (1967). See also N.M.R.Evid. 103, and 401, N.M.S.A. 1978.

Defendant also alleges as error the admission of testimony by prosecution witness Robert Arnold, Director of the City Purchasing Office. On direct examination, the witness was asked about the practice of "splitting" purchases into several small orders to avoid a provision in the purchasing law requiring public bids for purchases in excess of $500.00. He also testified that certain documents, admitted as State's exhibits 53 and 55 indicated a possibility of purchase splitting. No objection was made to this testimony. Thereafter, Mr. Arnold was then asked by the State whether he ever recalled reviewing any requisitions from Building Maintenance that intrigued him.

■ Defense counsel objected generally and requested a bench conference prior to any response being made by the witness. After a lengthy bench conference, wherein defendant objected to the question on the grounds that it sought to inquire about extraneous acts of alleged wrongdoing, lack of showing of any proper time-frame, and lack of relevancy, the court expressed concern as to whether the possible prejudicial effect of answering the question might outweigh any relevancy. As a result, counsel for the prosecution did not ask the witness to answer the question and ended his direct examination of that witness. Defendant did not ask the court to strike the question or to admonish the jury to disregard the inquiry. Since the question was not answered and there was no request that the jury be admonished to disregard the inquiry, no error existed. *State v. Sandoval*, 88 N.M. 267, 539 P.2d 1029 (Ct.App.1975).

A review of the record indicates no substantive basis for defendant's other claims of error advanced under his second point.

(3) *Admission of Requisition Orders :*

■ Defendant contends that the trial court erred in admitting into evidence a number of exhibits, consisting of registration and disbursement requests for building materials, supplies and tools, and relating to matters that were irrelevant and not specifically covered in charges listed in the grand jury indictment against defendant.

Count VII of the indictment against defendant alleged that between November 13, and November 25, 1980, defendant solicited another person to engage in conduct constituting tampering with evidence contrary to §§ 30–28–3, N.M.S.A. 1978 (Supp.1981), and 30–22–5, N.M.S.A. 1978, and amounting to a felony, or in the alternative soliciting another to tamper with public records, contrary to § 30–28–3, *supra*, and § 30–26–1, N.M.S.A. 1978. Defendant was convicted under Count VII only on the tampering with evidence charge. The count was based on defendant's acts involving Miss Maurino.

Miss Maurino was an administrative aide for the City Building Maintenance Department and performed accounting functions. She was responsible for keeping records of city purchasing and payroll documents. She testified that defendant contacted her following his suspension and asked her to

pull copies of requisition records from files in the Municipal Building Department. The witness testified that defendant told her he had used city monies to purchase materials for his new home and that if she pulled certain documents from the department's files, the authorities "would not know what to look for" in their investigation of defendant's actions. The witness testified that defendant told her to pull from the city files all records relating to materials obtained by him and which named him as receiving the items.

On direct examination, Miss Maurino was asked to identify each of the records she pulled at defendant's request and she explained why she pulled each record. The witness testified that defendant asked her to pull such records because either he had signed them, indicating receipt of the items shown thereon; the records related to labor changes and overtime paid to public employees for work done for defendant; or the document was a payroll record.

Defendant also asserts as error that copies of supporting records from the City Purchasing Office were attached to some of the records identified by Miss Maurino. The attachments were not part of the records removed by Miss Maurino.

A review of the record supports the trial court's ruling as to admissibility of the exhibits. The trial court sustained defendant's objection to admission of the attached supporting city documents before the jury saw them, had them renumbered for identification as exhibits 50 through 78 A, and admitted only those documents that Miss Maurino could identify as the documents she pulled at defendant's request. The witness specifically testified that she gave exhibits 50 through 78 to defendant at his request. Each of the admitted exhibits was relevant to the criminal solicitation charge and tended to prove defendant's intent, plan and knowledge relative to the charge against him in Count VII of the indictment. *See State v. Arellano*, 91 N.M. 195, 572 P.2d 223 (Ct.App.1977).

(4) *Claim of Unconstitutionality*:

Appellant asserts that Count VI of the indictment was unconstitutionally vague and overbroad. Defendant was charged under Count VI with knowingly making or receiving payments from public funds where such payments purported to be for wages, salary or remuneration for personal services which in fact had not been rendered, contrary to § 30–23–2, N.M.S.A. 1978. Defendant also argues that the court failed to give him necessary facts to enable him to prepare his defense.

Defendant was furnished the grand jury testimony sufficiently in advance of trial to be apprised of the testimony of the State's witnesses as to Count VI.

Defendant further argues that Count VI, in alleging commission of a criminal offense between March 1, 1980, and the 31st day of October, 1980, in covering a timespan of eight months, did not adequately give defendant notice of the specific incident charged.

■ Although both the prosecutor and trial court indicated a willingness to permit defendant to file a motion for statement of facts, the defense did not do so. Defendant's failure to file such a motion under these facts constitutes waiver of this claim. *State v. Lott*, 73 N.M. 280, 387 P.2d 855 (1963); *State v. Martin*, 94 N.M. 251, 609 P.2d 333 (Ct.App.), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980). *See also State v. Gurule*, 90 N.M. 87, 559 P.2d 1214 (Ct.App. 1977), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977); N.M.R.Crim.P. 8(A)(1), N.M.S.A. 1978 (Repl.1980).

Other points raised but not argued in defendant's brief are deemed abandoned. *State v. Brown*, 95 N.M. 3, 617 P.2d 1324 (Ct.App.1980). Defendant's point six is without merit.

(5) *Failure to List Witness*:

■ Defendant asserts as error that the trial court erred in allowing the State to call Stan Walker as a rebuttal witness for the prosecution at trial despite the prosecution's failure to include his name on the

State's witness list, and that the trial court, after overruling its objection should have granted a continuance as a matter of law. This claim is without merit since review of the record clearly indicates the witness did not testify at defendant's trial and the State called no witnesses on rebuttal.

### (6) *Refusal to Grant Directed Verdict and Mistrial*:

Defendant moved at the close of the State's case-in-chief to dismiss Counts IV and V of the indictment for failure of proof as to those allegations. Count IV charged defendant with the offense of embezzlement of materials (steel tubing) belonging to the city, or in the alternative of improperly making, causing or permitting to be made a false statement on a public voucher. Count V charged defendant with the offense of embezzlement of public materials (steel stairway components) belonging to the city, or alternatively of improperly making, causing or permitting to be made a false statement on a public voucher.

The trial court granted defendant's motion to each of the counts of embezzlement in Counts IV and V, but initially refused to dismiss the alternative charges of making false statements on a public voucher. At the end of the trial, defendant again renewed his motion for a directed verdict on the remaining portions of Counts IV and V. The trial court granted defendant's motion. The effect of the court's ruling was to completely dismiss out of the trial the two counts and alternative charges.

Defendant contends that although the court dismissed the two counts on defendant's motions, the court erred in failing to do so earlier, prejudicing him in having to defend against such charges, so that the court erred in failing to grant a mistrial as to all counts. Any prejudice accruing to defendant concerning the charges in Counts IV and V of the indictment was obviated by the court's dismissal of the charges on defendant's own motion.

█ In the heading of point six of defendant's brief-in-chief he asserts that the State prejudiced defendant by charging him with Count VI (making false statements on a public voucher) and Count VII (soliciting another to tampering with evidence, or alternatively, to tamper with public records) so that the trial court erred in refusing to grant a mistrial. Defendant was convicted of Counts VI and VII. Defendant fails to cite any authority or to explain this argument. Not having been argued, this contention was abandoned.

█ Defendant contends that the charges in Counts IV and V prejudiced him in regard to Counts VI and VII. Defendant's brief fails to cite us to any motion on defendant's part alerting the trial court to this contention. N.M.R.App.Crim.P. 308, N.M.S.A. 1978, (Repl.1980), imposes on counsel the duty to preserve a question for appellate review by affirmatively showing in the record that a ruling or decision by the trial court was fairly invoked on the point.

### (7) *Claim of Error in Instructions*:

█ Defendant claims the trial court erred in its denial of defendant's requested instructions as to lesser included offenses to Counts VI and VII of the indictment. A defendant is entitled to have his theory of the case submitted to the jury under proper instructions where the evidence supports it. *State v. Benavidez*, 94 N.M. 706, 616 P.2d 419 (1980); *State v. Montano*, 95 N.M. 233, 620 P.2d 887 (Ct.App.1980).

Defendant submitted two proffered instructions which stated that lesser included offenses of Count VI of the indictment, was the offense of demanding illegal fees, contrary to § 30–23–1, N.M.S.A. 1978, a petty misdemeanor.

█ Defendant's proffered instructions as to Count VI and failed to contain any elements of § 30–23–1, *supra*. In order to premise error on the refusal of the trial court to instruct, the defendant must tender a legally correct statement of law. *State v. Barber*, 93 N.M. 782, 606 P.2d 192, (Ct. App.1979); *State v. Robertson*, 90 N.M. 382, 563 P.2d 1175 (Ct.App.), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977).

The offense of demanding illegal fees as contained in § 30–23–1, *supra*, is not a lesser included offense of paying or receiving public money for services not rendered under § 30–23–2, N.M.S.A. 1978, as charged in Count VI. For a lesser offense to be included in a greater offense, it must be necessarily included. The test of whether an offense is necessarily included in the offense charged is determined by ascertaining whether the greater offense can be committed without also committing the lesser. *State v. Alderete*, 91 N.M. 373, 574 P.2d 592 (Ct.App.1977), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978); *State v. Armijo*, 90 N.M. 614, 566 P.2d 1152 (Ct.App. 1977); *see also State v. Ruiz*, 94 N.M. 771, 617 P.2d 160 (Ct.App.1980).

Section 30–23–2, *supra*, may be violated by obtaining public monies for services not rendered. Section 30–23–1, *supra*, may be violated by a public officer or public employee knowingly asking or accepting monies from private individuals in excess of those fees fixed or allowed by law for the performance of any service or duty. The two statutes involve different kinds of proscribed acts; Section 30–23–2 can be violated without violating § 30–23–1.

No error was committed by the trial court in refusing defendant's proposed instructions as to a lesser included offense in Count VI.

Defendant's second claim of error asserted under this point is directed to the charge of criminal solicitation contrary to § 30–28–3, *supra*, contained in Count VII of the indictment. Under Count VII, the State's theory was that defendant solicited Miss Maurino to tamper with evidence, or, alternatively, to tamper with public records. Defendant asserts that the trial court erred in not instructing the jury on the elements of tampering with evidence in violation of § 30–28–1(D), N.M.S.A. 1978. Defendant argues that since the witness Maurino testified that defendant did not ask her to destroy the copies of the records in question, but instead asked her to give them to him and "he would do something with them," he did not solicit her to tamper with evidence, but rather attempted to do so himself.

Although defendant tendered proposed instructions reciting that if the jury had a reasonable doubt as to whether defendant was guilty of paying or receiving public money for services not rendered, they should consider whether defendant committed the crime of demanding illegal fees, and if the jury had a reasonable doubt as to whether defendant was guilty of tampering with evidence, they should consider whether defendant was guilty of the crime of attempting to commit a felony, defendant did not submit appropriate accompanying instructions setting forth the elements of demanding illegal fees, tampering with evidence or attempt to commit a felony. Defendant's failure to submit a correct instruction on the law bars consideration of this claim on appeal. *State v. Barber, supra.*

(8) *Failure to Grant a New Trial*:

Defendant also contends that a new trial should be ordered because the State's witness, Miss Maurino, allegedly committed perjury. Defendant points to several alleged inconsistencies and charges in her testimony to support his claim.

Specifically, defendant points out that Miss Maurino positively identified State's exhibits 50 through 68 as the documents she had removed from her files and delivered to defendant at his request. Later, it was demonstrated that portions of the exhibits were shown to have been derived from other sources. Defendant also argues that during the trial the witness found certain documents which she previously had testified she had given to defendant.

When it became apparent that portions of the exhibits identified by Miss Maurino as having been given by her to defendant at his request were not the same documents, the trial court directed that the exhibits be separated and re-marked with distinguishing exhibit numbers to clarify which documents were the ones she took from the Building Maintenance file. This action by the trial court cleared up the existing confusion concerning the exhibits.

■ Resolution of conflicts in the evidence, the credibility and weight to be given the testimony of witnesses is the function of the fact finder. *State v. Bloom*, 90 N.M. 192, 561 P.2d 465 (1977); *State v. Martinez*, 95 N.M. 795, 626 P.2d 1292 (Ct. App.1979); *State v. Tapia*, 81 N.M. 365, 467 P.2d 31 (Ct.App.1970).

■ Defendant has not shown by clear and convincing evidence perjury as to a material fact on the part of the witness, nor did defendant assert such a claim before the trial court. Failure to timely alert the trial court to the claim of perjury on the part of a witness results in a waiver of this ground upon appeal. N.M.R.Crim. App.P. 308; *see also State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). Absent a showing of jurisdictional error a reviewing court will not reverse a trial court on a ground that the trial court was not asked to consider nor had the opportunity to rule upon. *State v. Parrillo*, 94 N.M. 98, 607 P.2d 636 (Ct.App.1979). The evidence does not sustain an inference of perjury under any quantum of proof.

■ Although as stated in *State v. Betsellie*, 82 N.M. 782, 487 P.2d 484 (1971), a defendant should be granted a new trial if perjury of a material witness against him is later discovered, courts must act with special care, great reluctance and caution before accepting the truth of a claim of perjury. In considering this ground for new trial, courts must require the evidence to affirmatively establish the perjury in such clear and convincing manner as to leave no reasonable doubt that perjury was committed. Appellant's point 8 is without merit.

(9) *Claim of Unconstitutionality*:

In his final point, defendant contends that the trial court erred in not dismissing the primary and alternative criminal solicitation charge in Count VII of the indictment because the solicitation statute, § 30–28–3, is unconstitutionally vague and overbroad. Defendant further asserts that the testimony and evidence adduced at trial was insufficient to support conviction on the charge of criminal solicitation to tamper with evidence. Defendant does not cite the record to show where these contentions were raised at trial. Since each challenge, however, goes to the issue of jurisdiction of the court we review them nevertheless. *State v. Andazola*, 95 N.M. 430, 622 P.2d 1050 (Ct.App.1981).

■ The constitutionality of a legislative act is open to attack only by a person who demonstrates that his constitutional rights are affected by its application to him. *State v. Hines*, 78 N.M. 471, 432 P.2d 827 (1967); *State v. Gurule*, 90 N.M. 87, 559 P.2d 1214 (Ct.App.1977); *State v. Kasakoff*, 84 N.M. 404, 503 P.2d 1182 (Ct.App.1972).

Defendant argues that the statutory proscription of acts "to promote or facilitate" another person's commission of a felony is impermissibly vague. The statute, however, proscribes other acts, such as requesting or soliciting another to commit a felony, which features clearly apply to defendant's conduct. In *State v. Rogers*, 94 N.M. 527, 612 P.2d 1338 (Ct.App.1980), it was held that the term "to aid" was not so vague that persons of common intelligence must necessarily guess at its meaning. Similarly, the terms "facilitate" and "promote" have common, well defined definitions, meaning respectively "to make easier or less difficult," and to "further, [or] encourage," Webster's Third New International Dictionary, Unabridged, at pages 812 and 1815.

Defendant further contends that the evidence showed that he asked Miss Maurino to remove documents so that he could destroy or alter them and that he did not ask her to consummate the act of destroying or altering of any evidence. Therefore, he claims, he could not have solicited her to tamper with the evidence, and the statute's proscription of his conduct is unconstitutionally vague.

■ A statute violates due process only if it is so vague that persons of common intelligence must necessarily guess at its meaning. *State v. Andazola, supra; State v. Najera*, 89 N.M. 522, 554 P.2d 983 (Ct. App.1976).

Section 30–28–3 provides:

Criminal solicitation; penalty.

A. Except as to bona fide acts of persons authorized by law to investigate and detect the commission of offenses by others, a person is guilty of criminal solicitation if, with the intent that another person engage in conduct constituting a felony, he solicits, commands, requests, induces, employs or otherwise attempts to promote or facilitate another person to engage in conduct constituting a felony within or without the state.

Section 30–22–5, *supra*, sets out:

Tampering with evidence.

Tampering with evidence consists of destroying, changing, hiding, placing or fabricating any physical evidence with intent to prevent the apprehension, prosecution or conviction of any person or to throw suspicion of the commission of a crime upon another.

Whoever commits tampering with evidence is guilty of a fourth degree felony.

■ Section 30–28–3, *supra*, on criminal solicitation, as it applies to the facts of this case, is not unconstitutionally vague. It proscribes intentional conduct on the part of an individual in soliciting, commanding, requesting, inducing or attempting to persuade another to engage in conduct amounting to a felony. Defendant fails to see that if Miss Maurino had done what he asked to achieve his purpose, she would have been tampering with evidence: removing documents from their proper files would have amounted to "hiding" evidence contrary to the statute. Even if this were not so, she would have been guilty of tampering on a theory of accomplice liability in aiding his destruction of evidence. Section 30–1–13, N.M.S.A. 1978; *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied*, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

■ The offense of solicitation is complete when the solicitation is made and it is immaterial that the object of the solicitation is never consummated, or that no overt steps are subsequently taken toward its consummation. *State v. Bowles*, 70 Kan. 821, 79 P. 726 (1905). The thrust of the statute is not only prevention of the harm that would result should the inducements prove successful, but also protection of citizens from exposure to inducements to commit or join in the commission of felonies.

■ Defendant also argues that there was no substantial evidence to uphold his conviction under Count VII. The statute proscribing criminal solicitation, § 30–28–3, *supra*, punishes exactly the conduct defendant was charged with. Miss Maurino testified that defendant asked her to "pull" certain requisition and purchase records from city files that indicated that defendant had signed for materials charged to the city. On direct examination Miss Maurino testified:

Q: Well did he [defendant] say anything as to why he was asking you to pull these tickets?

A: Well, if we removed our copies of the tickets from the files, even though the originals would be in the accounting section they [police department] would not know what to look for.

She further testified that he requested her to remove records from the files of the city so that this evidence could be concealed from investigating authorities. The offense of tampering with evidence § 30–22–5, *supra*, declares hiding "any physical evidence with intent to prevent the * * * prosecution or conviction of any person" to be a fourth degree felony. There is substantial evidence that the defendant solicited Miss Maurino to tamper with physical evidence with the requisite intent contrary to Count VII of the indictment.

Finding no error, the judgment and sentence are affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and WOOD, J., concur.