This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 32,817**

**RONNIE R. BAKER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Edmund H. Kase III, District Judge**

Gary K. King, Attorney General
Margaret McClean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jason M. Alarid
Scott S. Hilty
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's judgment finding him guilty of driving while under the influence of intoxicating liquor or drugs and failure to use a turn signal, and remanding to the magistrate court for enforcement of the original judgment and sentence. [RP 87] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

{2}     In issues (1) and (2), Defendant continues to argue that the officer lacked reasonable suspicion to stop his vehicle and that his arrest was not supported by probable cause. [DS 13; MIO 2-7] Defendant concedes that these issue were not preserved. [MIO 2] *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). Absent preservation, we affirm.

{3}     Defendant, however, urges this Court to consider the merits of issues (1) and (2), asserting that counsel's failure to preserve these issues amounts to ineffective assistance of counsel, as "representative" of the ineffective assistance argument raised in issue (6). [MIO 2] This is a different argument from that raised in the docketing statement, and for this reason we view Defendant's ineffective assistance argument as a motion to amend the docketing statement. The standard for determining trial counsel erred is whether "counsel's representation fell below an objective standard of

2

reasonableness." *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 26, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). For reasons articulated in our first notice, even if these issues were preserved, they lack merit. Given this, trial counsel appropriately did not argue these issues below. *See, e.g.*, *State v. Duarte*, 1996-NMCA-038, ¶ 25, 121 N.M. 553, 915 P.2d 309 (stating that a failure to file a non-meritorious motion is not ineffective assistance); *see also Lytle*, 2001-NMSC-016, ¶ 43 (recognizing that trial counsel's strategy and tactics will not be second-guessed on appeal). We accordingly deny Defendant's motion to amend his docketing statement. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (recognizing that issues sought to be presented must be viable).

{4}     In issue (3), Defendant continues to argue that the district court erred "in allowing opinion testimony from Dr. Hwang regarding Defendant's performance on standardized field sobriety tests." [DS 18; MIO 7-8] In his docketing statement, Defendant challenged the admission of Dr. Hwang's testimony based on an assertion that Dr. Hwang did not qualify as an expert in forensic toxicology. [DS 9-10] In his memorandum in opposition, Defendant does not challenge our proposed conclusion that Dr. Hwang's opinion testimony satisfied the prerequisites for admission as required by *State v. Alberico*, 1993-NMSC-047, ¶ 42, 116 N.M. 156, 861 P.2d 192. So for the same reasons extensively detailed in our notice, we affirm.

{5} Defendant does, however, "re-frame" issue (3) in his memorandum in opposition to argue that admission of Dr. Hwang's opinion testimony was improper based on asserted improper questioning by the State. [MIO 7] Again, as with issues (1) and (2), Defendant has raised a different argument than that raised in his docketing statement, and for this reason we view his argument as a motion to amend the docketing statement. While unclear, we understand Defendant to argue that the State's questioning improperly elicited testimony from Dr. Hwang that was "based on lack of proper foundation in hypotheticals but with no specific information with regard to Defendant." [MIO 8] We further understand Defendant to argue that the State's questioning improperly required Dr. Hwang to consider a video that he had viewed in magistrate court and not district court [MIO 9-10] and elicited Dr. Hwang's opinion on a matter which Defendant asserts he was unqualified to give—Defendant's performance on field sobriety tests. [MIO 9-10]

{6} It is not clear whether all the arguments raised in Defendant's re-framed issue were preserved. While Defendant objected to the "lack of proper foundation in hypotheticals" [MIO 8], there is no indication that he objected to Dr. Hwang's reliance on the video in district court or that Dr. Hwang lacked qualification to opine about performance on field sobriety tests. [MIO 8-10] *See* Rule 12-216(A) (requiring arguments to be preserved for appeal). Nonetheless, we are not persuaded there was

4

any error in the State's questioning of Dr. Hwang. As discussed in our notice, when relating Dr. Hwang's qualifications, Dr. Hwang's opinion testimony was specific to Defendant—rather than based on hypotheticals—because it was based, among other matters, upon Defendant's toxicology reports, the video of Defendant, and Defendant's performance on the field sobriety tests. As further extensively detailed in our notice, Dr. Hwang was qualified to give his expert opinion on the effect of the combination of alcohol and marijuana as related to Defendant. And when giving his expert opinion, Dr. Hwang could properly rely on a video tape he had observed of Defendant, regardless of when he watched the videotape. Any suggestion that Dr. Hwang's testimony was not reliable because he had not seen the video in five months goes to the weight of his testimony. *See State v. Casteneda*, 1982-NMCA-046, ¶ 42, 97 N.M. 670, 642 P.2d 1129 (stating that it is the role of the factfinder to resolve any conflicts in the evidence and to determine the credibility and weight to afford the evidence). Moreover, in forming their opinions, experts may nonetheless rely on facts or data that has not been admitted into evidence. *See, e.g.*, Rule 11-703 NMRA (providing that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed [and] [i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted").

Because Defendant's arguments lack merit, we deny his motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11 (recognizing that issues sought to be presented must be viable).

{7}    With regard to issue (4), Defendant maintains that the evidence was insufficient to support his conviction for driving while under the influence of intoxicating liquor or drugs. [DS 20; MIO 13] *See* NMSA 1978, § 66-8-102(A) (2010); *see also State v. Dutchover*, 1973-NMCA-052, ¶ 7, 85 N.M. 72, 509 P.2d 264 (observing that DUI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree).While Defendant asserts that his poor performance on the field sobriety test should not have been considered [MIO 14], case law provides that his poor performance is a relevant factor to consider. *See State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (affirming a DWI conviction based on evidence that the defendant veered over the shoulder line three times, smelled of alcohol, had bloodshot watery eyes, admitted drinking, and failed to adequately perform field sobriety tests). And apart from Defendant's poor performance on the field sobriety test, other competent evidence supported his conviction. Specifically, we point out that Defendant was driving in the middle of the road [DS 4], admitted to consuming alcohol [DS 5] in the amount of four to five beers

[RP 82], and had slurred speech, slightly red eyes, and "an odor of intoxicating beverage." [DS 5; RP 66] For the same reasons provided in our notice, we affirm.

{8}     In issue (5), Defendant argues that trial counsel was ineffective based on his failure to make arguments to challenge his prosecution for failure to use a turn signal. [DS 25] Our notice proposed to affirm and Defendant did not further address the issue in his memorandum in opposition. *See Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 (failing to respond to a calendar notice constitutes acceptance of the proposed disposition). For the reasons provided in our notice, we affirm.

{9}     Lastly, in issue (6), Defendant continues to argue that trial counsel was ineffective based on his failure to challenge the foundational requirements for the admitted breath and blood test results. [DS 7; MIO 10] Defendant emphasizes that defense counsel knew that the State was going to rely on the synergistic effects of the alcohol and marijuana to show impairment, and thus should have contested the admission of the tests. [MIO 13] As provided in our notice, however, this is a matter of trial strategy and tactics, which we will not second guess. *See generally Lytle*, 2001-NMSC-016, ¶ 43 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)); *see also State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31

7

(expressing a "preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

{10}   To conclude, for the reasons set forth herein and in our notice, we affirm.

{11}   **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**M. MONICA ZAMORA, Judge**