This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellee,**

**vs.**                                            **No. 34,512**

**ANDREANETTA BADONI,**

     **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Joseph P. Kennedy
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}     Defendant appeals her conviction for resisting or obstructing a peace officer. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Unpersuaded that our proposed disposition was incorrect, we affirm.

{2}     Defendant continues to challenge the sufficiency of the evidence to support her conviction for resisting, evading, or obstructing an officer. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{3}     Defendant was convicted under NMSA 1978, Section 30-22-1(D) (1981), which defines resisting, evading or obstructing an officer as "resisting or abusing any judge, magistrate or peace officer in the lawful discharge of his duties." Here, Defendant operated a convenience store with her husband. [DS 1] Lottery officials informed police that they had gone to the store to retrieve lottery equipment, but they left after Defendant's husband became belligerent. [DS 1-2] The lottery officials requested police assistance, and three officers then accompanied them to the store.

[DS 1] While the lottery officials were removing the lottery machine, officers ordered Defendant and her husband to move away from the entrance to a private office area; this command was based on concerns arising from the presence of a screwdriver and a box cutter in that area. [MIO 3] Rather than comply with the officer's directive, Defendant picked up both items and tossed them into a corner. [DS 2; MIO 3]

{4}     On appeal, Defendant has argued that the officers had no right to enter the private office, and therefore were not acting in their lawful authority when they ordered that she move away from the area where she stood. [MIO 5] But in this appeal, we not need to consider the lawfulness of any entry by officers into the office area. Rather, we conclude that the officers were authorized to control Defendant's movement while the lottery machine was being taken away. Such authority is predicated on the fact that the officers were engaged in the lawful discharge of their duties while assisting lottery officials during their second visit to the store. *See State v. Andazola*, 1981-NMCA-002, ¶ 7, 95 N.M. 430, 622 P.2d 1050 ("In clear simple language, [Section 30-22-1] puts everyone on notice that one would be exposed to criminal sanctions if he resisted or abused any peace officer who was engaged in the lawful discharge of his duties."). Discharging their duties here took the form of assisting the lottery officials due to Defendant's husband's "aggressive and belligerent" behavior [DS 3] when the lottery officials first attempted to remove the

3

lottery machine. [DS 1-2] Yet, when told to leave the vicinity of the box cutter and screw driver, [DS 3] Defendant instead approached, lifted, and threw the items about which the officers were concerned. [MIO 3] We believe that Defendant's refusal to obey the officers was sufficient to support her conviction. *See State v. Diaz*, 1995-NMCA-137, ¶¶ 16-23, 121 N.M. 28, 908 P.2d 258 (providing that resisting refers not only to a defendant's overt physical act, but also to the failure to act when refusing to obey lawful police commands); *City of Roswell v. Smith*, 2006-NMCA-040, ¶ 5, 139 N.M. 381, 133 P.3d 271 (affirming the defendant's conviction for obstructing an officer based on his conduct of refusing to leave a parking lot even though he had been instructed several times by officers to do so).

{5}     Finally, with respect to Defendant's claim that the officers were not lawfully discharging their duties when they ordered her to stay away from the tools because their was no crime being investigated, we note that officers' duties are broader than simply responding to crimes. *See* NMSA 1978, § 30-1-12(C) (1963) (defining "peace officer" for purposes of the Criminal Code as 'any public official or public officer vested by law with a duty to maintain public order or to make arrests for crime, whether that duty extends to all crimes or is limited to specific crimes'").

{6}     For the reasons discussed above, we affirm.

4

{7}    **IT IS SO ORDERED.**

_____
                    **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**LINDA M. VANZI, Judge**