606 P.2d 192

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Dan O. BARBER, Defendant-Appellant.**

**No. 3966.**

Court of Appeals of New Mexico.

Oct. 25, 1979.

J. E. Casados, Gallagher, Casados & Martin, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy Lawrence Pacheco, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

ANDREWS, Judge.

Defendant was convicted on charges of extortion, in violation of § 30–16–9, N.M. S.A. 1978, and battery, in violation of § 30–3–4, N.M.S.A. 1978.

Three issues are presented for review on appeal:

A. Whether there is sufficient evidence to support the defendant's conviction on extortion;

B. Whether the trial court erred in submitting an instruction on extortion in light of the defendant's claim that there was insufficient evidence of extortion;

C. Whether the trial court erred in refusing the defendant's instruction defining "threat".

On October 17, 1977, the victim, William Harris, entered into a lease with the defendant, Dan O. Barber, for the rental of commercial space in an Albuquerque shopping center. Harris began his business, selling mopeds, during the first week of November, and, although he remained "current" in his monthly rental payments, by the following summer he recognized that the moped business was not doing well. Harris then decided to move to a different location which offered more favorable rental terms. The defendant first learned of the victim's intended move while on a trip

out of town and when he returned to work several days later he summoned Harris to his office for a meeting.

When Harris entered the office, the defendant asked him to sit down in a "peaceful" tone of voice, but the defendant quickly became agitated and accused Harris of skipping out on the lease and cheating the defendant out of the rent. Harris protested but the defendant called the explanation a lie. Without any provocation, the defendant struck the victim on the right side of the forehead causing him to fall and sustain lacerations on the back of the head and on the chin. The victim fell within the opening of a nearby credenza and, when he attempted to crawl to the other side, he was crudely ordered to return to his chair by the defendant. He complied with this order, resumed his seat, felt the lump on his head and asked to be taken to the hospital. The defendant replied, "you are not going anywhere until you sign this piece of paper. You are going to sell me five mopeds."

The piece of paper referred to was a previously prepared agreement which released the victim from his rental obligation totalling $1,735, in exchange for five mopeds, with an approximate wholesale value of $2000. Harris and Barber discussed the agreement and Harris again requested that he be taken or be allowed to leave to drive to the hospital. The defendant then stated, "sit down, you are going to be alright—I'll be right back." The defendant then left the room and returned shortly with an ice pack and several paper towels for the victim's injuries. During the defendant's absence, the victim stated that he was too scared to leave, and when the defendant returned he became very red in the face, very angry. He started "screaming", "yelling" and "ranting", and when Harris thought he would be hit again, he signed the agreement. Barber dictated a release which purported to absolve him of all liability for injuries resulting from the battery which Harris wrote out and signed. The defendant then ordered Harris to unlock his store and the defendant removed the five mopeds.

## I. Sufficiency of the evidence.

Defendant contends that the jury should not have been instructed as to the elements of extortion, see Smith v. State, 89 N.M. 770, 558 P.2d 39 (1976), and that a directed verdict of acquittal on the extortion count should have been entered upon defendant's motion at the close of the State's case. Both of these claims turn on the sufficiency of the evidence which was adduced at trial, and thus we will treat them together. The crime of extortion is defined as follows:

Extortion consists of the communication or transmission of any threat to another by any means whatsoever with intent thereby to wrongfully obtain anything of value or to wrongfully compel the person threatened to do or refrain from doing any act against his will.

Any of the following acts shall be sufficient to constitute a threat under this section:

A. a threat to do an unlawful injury to the person or property of the person threatened or of another. § 30–16–9, supra.

The jury was instructed to N.M.U.J.I. Crim. 16.32, N.M.S.A. 1978, as follows:

For you to find the defendant guilty of extortion as charged in Count I, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant threatened to injure the person of William Harris, intending to obtain a thing of value, title to five mopeds, from William S. Harris.

2. This happened in New Mexico on or about the 20th day of July, 1978.

■ The defendant claims an insufficiency of the evidence to support the charge. The defendant makes two initial suggestions: that the crime actually committed was robbery, not extortion; and that the case should never have been in criminal court because it was purely a civil matter. These suggestions are meritless. Our review is whether the evidence is sufficient to support the verdict on the charge actually submitted to the jury—not whether the evi-

dence supports other crimes or legal remedies. In making this review, this Court will review the evidence in the light most favorable to the judgment entered, will resolve all conflicts and indulge all inferences in support of the judgment, and will not weigh the credibility of the witnesses nor the evidence. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978); *State v. Driscoll*, 89 N.M. 541, 555 P.2d 136 (1976); *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978).

■ The defendant claims that the evidence (1) fails to show that a threat was made to induce the release of the mopeds; (2) fails to show that the victim consented to the transfer; and (3) fails to establish that Barber made an oral or written threat, the evidence showing only that he made threatening actions. A review of the facts recited above establishes that Harris signed the agreement to sell the mopeds under the threat of further physical injury. Mr. Harris testified:

> I started to say let's talk about this (the agreement). He became very red in the face, very angry, he started screaming, yelling and was ranting. I had no idea what he was really saying. He was very close to me, grabbed my lapel and I thought he was going to hit me again. At that point, I said, I'll sign anything, I'll sign. I'll sign anything you want.

There was substantial evidence of threat to injure.

Next, the defendant contends that the consent of the victim is the element which distinguishes extortion from the crime of robbery. Further, the defendant states that the consent of the victim was lacking in this case. The focus is on Mr. Harris' testimony during cross-examination.

> Question: Mr. Harris, did you turn over the mopeds willingly?
> Answer: No, I did not.
> Question: Did you consent to Mr. Barber's taking the mopeds?
> Answer: No, I did not consent to it.

■ It seems clear that the language of the New Mexico extortion statute does not require a showing of a "consented to taking". *Compare People v. Peck*, 43 Cal.App. 638, 185 P. 881 (1917)—interpreting a statute defining extortion to be "the obtaining of property from another, with his consent, induced by a wrongful use of force or fear." *See also Commonwealth v. Burdell*, 380 Pa. 43, 110 A.2d 193 (1955). The difference between the statute in *People v. Peck, supra*, and the New Mexico statute is obvious. Section 30–16–9, *supra*, does not require the victim's consent.

Finally, defendant asserts that the threat which gives rise to the extortion may be either written or oral but that there is "no authority that the threat may be by actions." The defendant concludes that when the threat is made by actions, the crime committed is robbery, not extortion.

■ This argument, which focuses on the type of threat to distinguish robbery vis-a-vis extortion, is unpersuasive. The short answer is that the New Mexico extortion statute is not so limited as he suggests. The statute embraces "communication or transmission of any threat to another by any means whatsoever." § 30–16–9, *supra*. This broad language includes both written and oral threats and also includes actions constituting threats. *Accord United States v. Spears*, 568 F.2d 799 (10th Cir. 1978) interpreting 18 U.S.C. § 894 which prohibits collecting or attempting to collect extensions of credit by extortionate means; *People v. Maranian*, 359 Mich. 361, 102 N.W.2d 568 (1960). The type of threat made is not determinative of the crime committed. Extortion can be committed where the threat is by action.

■ As we have shown, defendant's arguments concerning the distinction between robbery and extortion have disregarded the statutory language in New Mexico. Robbery, as defined in § 30–16–2, N.M.S.A. 1978, is an aggravated form of larceny. *State v. Puga*, 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973). Robbery requires a taking. N.M.U.J.I. Crim. 16.10, N.M.S.A. 1978. Extortion, as defined in § 30–16–9, *supra*, does not require a taking, but requires a "threat . . . with intent thereby to wrongfully

obtain anything of value or to wrongfully compel the person threatened to do or refrain from doing any act against his will." Defendant need not have actually taken the mopeds to have committed extortion. The victim need not have signed the agreement for defendant to have committed extortion. These items are evidence of defendant's intent to wrongfully obtain a thing of value; in themselves, they were not elements of the crime of extortion in New Mexico. The extortion was a completed crime when defendant's threat was communicated to the victim with the requisite statutory intent.

## II. Instruction on the Essential Elements of Extortion.

Because the evidence was sufficient for the charge of extortion to go to the jury, the defendant's argument that N.M.U.J.I. Crim. 16.32, N.M.S.A. 1978, should not have been given is without merit.

## III. Instructions on "threat".

Under this point on appeal, the defendant argues that the trial court committed reversible error in refusing the defendant's requested instruction which defined the term "threat". The instruction tendered stated as follows:

> "Threat" means a declaration of intention or determination to inflict punishment, loss or pain on another, or to injure another by the commission of some unlawful act.

 In order to premise error on the refusal of the trial court to instruct, the defendant must tender a legally correct statement of the law. *State v. Robertson*, 90 N.M. 382, 563 P.2d 1175 (Ct.App.) *cert. denied*, 90 N.M. 636, 567 P.2d 486 (1977); *State v. Dutchover*, 85 N.M. 72, 509 P.2d 264 (Ct.App.1973). As discussed above, the threat which induced the victim to part with his property need not be written or verbally communicated. The tendered instruction refers to "a declaration of intention" and thus implies that the jury should consider only those threats verbally communicated. But the threat which results from

a victim's reasonable fear of additional violence after he has once been beaten is sufficient. The tendered instruction was an incorrect statement of the law and would only have served to confuse the jury. Thus, the requested instruction was properly refused.

Finding no error, the conviction is affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HENDLEY, J., concur.