**Pablo RAEL, Petitioner–Appellant,**

v.

**George SULLIVAN, Warden,
Respondent–Appellee.**

No. 89–2049.

United States Court of Appeals,
Tenth Circuit.

Oct. 29, 1990.

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

Margaret E. McLean, Asst. Atty. Gen. (Hal Stratton, Atty. Gen., with her on the brief), Santa Fe, N.M., for respondent-appellee.

Before ANDERSON and EBEL, Circuit Judges, and BROWN, District Judge.*

WESLEY E. BROWN, District Judge.

Appellant challenges the district court's dismissal of his petition for writ of habeas corpus (28 U.S.C. § 2254). Appellant was convicted by a jury in Socorro County District Court on three counts of extortion and one count of telephone harassment. He alleges that the convictions on the extortion counts were obtained in violation of the right to due process of law contained in the Fifth and Fourteenth Amendments to the U.S. Constitution. We have examined the record before us, including tape recordings of appellant's trial, and we find no constitutional violations. We therefore affirm the judgment of the district court.

The facts underlying appellant's extortion convictions were as follows: In October of 1979, Mr. Rael was arrested on an assault charge involving his father. Patsy Reinard, an attorney in Socorro, New Mexico, was appointed to represent appellant. Ms. Reinard requested a psychological evaluation of Mr. Rael by Margie Trujillo of the Southwest Community Mental Health Services. An evaluation of Mr. Rael was performed under the supervision of Ms. Trujillo. The assault charge against Mr. Rael was ultimately disposed of when he agreed to voluntarily commit himself for alcohol treatment at the New Mexico State Hospital at Ft. Bayard.

In February of 1980, Mr. Rael apparently requested to see the results of the evaluations performed on him. Ms. Trujillo disclosed the results of the evaluations to Mr. Rael in her office. Mr. Rael became angry

---

* Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

upon reading the reports. He threw the file in Ms. Trujillo's office and stormed out, slamming doors behind him. During 1981 and 1982, Mr. Rael contacted Ms. Trujillo and Ms. Reinard on several occasions in an attempt to obtain and review copies of the paperwork relating to his evaluation and commitment. Ms. Trujillo made a professional judgment that she ought not to give Mr. Rael copies of the reports in light of his apparent mental state. She did give copies of the evaluations to Pedro Rael, Esq., who was appellant's attorney.

Appellant subsequently wrote several letters to Ms. Trujillo. In the letters, appellant indicated to Ms. Trujillo that he would "kick your ass" unless she sent him copies of the evaluations. These letters formed the basis of the extortion charges against appellant.

Mr. Rael was charged with extortion under N.M.S.A. § 30–16–9 (1978), which provided in part:

> Extortion consists of the communication or transmission of any threat to another by any means whatsoever with intent thereby to wrongfully obtain anything of value or to wrongfully compel the person threatened to do or refrain from doing any act against his will.
>
> Any of the following acts shall be sufficient to constitute a threat under this section:
>
> A. a threat to do any unlawful injury to the person or property of the person or of another....

The jury deciding Mr. Rael's case was instructed in pertinent part as follows on each of the extortion charges:

> For you to find the defendant guilty of extortion ..., the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant threatened to injure the person or property of Margie Trujillo by the use of physical violence, intending to compel Margie Trujillo to so something she would not have done.

Appellant contends that this instruction led to a violation of due process. The basis of his argument is that the trial court failed to instruct the jury that it must find that appellant intended to *wrongfully* compel Ms. Trujillo to do something she would not have done. Appellant points out that he had a right to obtain copies of his evaluations, a fact which the State concedes, and argues that his attempts to compel Ms. Trujillo to give him the reports were therefore not "to wrongfully compel" within the meaning of the statute. *Citing United States v. Enmons*, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973) (Under the definition of extortion in the Hobbs Act, the use of force or violence was not "wrongful" unless the alleged extortionist had no lawful claim to the property.) Appellant argues that the instructions therefore omitted an essential element of extortion, meaning his convictions were obtained in violation of the Due Process Clause, which "protects the accused against conviction except upon proof beyond a reasonable doubt of every act necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The State responds by arguing that the threat of violence to compel any act against the victim's will is wrongful and is prohibited by the extortion statute. The State contends that the jury was instructed on all of the essential elements of extortion.

We agree with those cases cited by appellant holding that a complete failure to instruct on an essential element of an offense violates the right to due process. *See e.g., Cole v. Young*, 817 F.2d 412, 423 (7th Cir.1987). Such decisions are but a logical application of the rule of *In re Winship*, supra, requiring proof beyond a reasonable doubt of all acts necessary to constitute the offense. *See Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977) (Prosecution must prove beyond a reasonable doubt all of the elements included in the definition of the offense). In the instant case, however, we find no violation of due process because the jury was instructed on all the elements of extortion under New Mexico law.

The substantive elements of the crime of extortion must be determined by reference

to the law of New Mexico. *See Jackson v. Virginia*, 443 U.S. 307, 324 n. 16, 99 S.Ct. 2781, 2792 n. 16, 61 L.Ed.2d 560 (1979) ("[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."). Moreover, the interpretations given the extortion statute by New Mexico's state courts are binding on this court. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) ("This Court ... has repeatedly held that state courts are the ultimate expositors of state law ... and that we are bound by their constructions except in extreme circumstances not present here.").

■■■ Whether the phrase "to wrongfully compel" refers to the manner in which the defendant compels an act or instead refers to the legitimacy of the defendant's objective is a question of statutory interpretation.[1] Although appellant's argument for the latter construction is not without some merit, it is not the interpretation adopted by the courts of New Mexico. The instruction given by the trial court in this case was substantially similar to New Mexico Uniform Jury Instruction 16.32. This uniform instruction setting forth the essential elements of extortion was adopted by order of the New Mexico Supreme Court and its use has been upheld on appeal. *See State v. Barber*, 93 N.M. 782, 784, 606 P.2d 192, 194 (App.1979),[2] *cert. denied*, 94 N.M. 628, 614 P.2d 545. The instruction clearly interprets the phrase "wrongfully compel" as referring to the means used to compel an act. The instruction labels as extortion

---

1. We note that there are different opinions as to the proper scope of extortion statutes. Among early decisions, for example, there was a split of authority as to whether a creditor's threats to a debtor constituted extortion when the creditor was attempting to collect what he believed to be a valid claim. *See Annotation* 135 A.L.R. 728. The weight of authority held that such threats could amount to extortion even though the creditor's objective (to collect a lawful claim) was legitimate. *Id.* One court stated that the term "wrongful" as used in an extortion statute "has no reference whatever to the question of the justness of the ultimate result sought, but relates solely to the methods used to obtain such results." *In re Sherin*, 27 S.D. 232, 130 N.W. 761 (1911). Thus, "one can extort that to which he is rightfully entitled, as well as that to which he is not entitled." *Id. See also State v. Phillips*, 62 Idaho 656, 115 P.2d 418 (1941).

Others have taken the view that the gravamen of a "wrongful" taking or use of force is obtaining property to which one has no lawful claim. *See United States v. Enmons*, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973). The Model Penal Code, which categorizes extortion as a theft crime, states: "[S]tatutes dealing with improper acquisitive behavior should be inapplicable to cases where the actor's method of obtaining property is objectionable but his objective is not." *Model Penal Code* Commentary § 223.4 (Am.Law Inst.).

Section 49 of 31A Am.Jur.2d on Extortion states: "Under the common law and most recent statutory codes and proposals, extortion by a private person, or blackmail, is limited to obtaining property by threatening to inflict harm. Separate treatment is often provided in the statutes for those threats which do not involve the obtaining of property. Thus, under most recent statutory codes, a threat constitutes an offense independent from that of extortion

or blackmail, and is punishable even if the defendant does not make the threat for the purpose of obtaining money, property, or other pecuniary advantage." The accompanying notes to this section add, however, that "a few recent codes and proposals adopt a comprehensive provision covering both threats used to obtain property (extortion or blackmail) and threats used to restrict another's freedom of action (threatening, coercion, intimidation, and the like)." The note cites the Michigan statute on extortion, M.C.L. § 750.213, which prohibits threatening with the intent to extort money and threatening with the intent to compel the person threatened to do or refrain from doing any act against his or her will.

2. In *Barber*, the defendant was a landlord who accused a tenant of skipping out on his rental obligations. The defendant threatened to injure the tenant unless the tenant signed an agreement transferring title to five mopeds from the tenant's store to the defendant in exchange for a release of his rental obligations. The trial court instructed the jury that the defendant was guilty of the crime of extortion if he "threatened to injure [the victim], intending to obtain a thing of value, title to five mopeds, from [the victim]." The New Mexico Court of Appeals upheld the use of U.J.I. 16.32 and rejected the defendant's challenges to the sufficiency of the evidence, including his assertion that the circumstances amounted to a purely civil matter. The court apparently attached no significance to the issue of whether the defendant's claim against the tenant was legitimate. 93 N.M. at 784–85, 606 P.2d at 194–95 ("Our review is whether the evidence is sufficient to support the verdict on the charge actually submitted to the jury—not whether the evidence supports other crimes or legal remedies.").

any threat to injure a person done with the intention of compelling the person to do something against their will. *Cf. State v. Wheeler,* 95 N.M. 378, 381, 622 P.2d 283, 286 (App.1980) (In assessing whether certain acts were committed during the course of an extortion, the court stated: "The crime of extortion is complete when a person makes the threat, intending to compel the victim to do something he would not have done."). Given the adoption and use of this instruction by the courts of New Mexico, we are not at liberty to find that the elements of extortion are different than those set forth by that state's courts. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (State courts are the ultimate expositors of state law.) Nor is the argument that the New Mexico courts have misinterpreted the extortion statute a basis for granting petitioner's request for habeas relief. *Id.* *See also Engle v. Isaac,* 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558, 1568 n. 21, 71 L.Ed.2d 783 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.").

The New Mexico Court of Appeals' recent decision in *State v. Ashley,* 108 N.M. 343, 772 P.2d 377 (App.1989), *cert. denied,* 108 N.M. 433, 773 P.2d 1240, does not lead us to conclude that New Mexico courts now interpret the term "wrongfully" in a different manner. Although the *Ashley* court toyed with the idea of adopting the interpretation of wrongful found in *United States v. Enmons,* the court ultimately decided to base its opinion on other grounds. *Ashley,* 108 N.M. at 346, 772 P.2d at 380. *Cf. Ashley,* 108 N.M. at 347–48, 772 P.2d at 381–82 (Apodaca, J., concurring). In the absence of any indication to the contrary, we cannot assume that the elements of extortion are different than those set forth in the instructions approved by New Mexico's courts.

Appellant has failed to show that he is in custody in violation of the Constitution of the United States. Accordingly, the district court is AFFIRMED.