968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Booker T. SHEPHARD, Petitioner-Appellant,
v.
Ron CHAMPION, Warden, Attorney General, for the State of
Oklahoma, Respondents-Appellees.
 No. 92-5022.
 United States Court of Appeals, Tenth Circuit.
 June 19, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 Appellant Booker T. Shephard appeals for the second time the denial of his petition for habeas corpus and argues that the district court incorrectly found his claim procedurally barred. The district court has issued a certificate of probable cause, and the appellant now moves to proceed in forma pauperis. We grant the appellant's motion.
 
 
 2
 The appellant was convicted of Larceny of Domestic Animals under Oklahoma law. After an unsuccessful appeal, he sought state habeas relief. He argued, among other things, that the trial court failed to instruct the jury on the definition of "felonious intent." The Oklahoma Court of Criminal appeals held this claim to be procedurally barred.
 
 
 3
 The appellant then sought federal habeas relief raising three issues, one of which was the alleged jury instruction error. The district court denied all relief. On appeal, we affirmed the district court's disposition of the other two issues, but reversed on the jury instruction claim. See Order and Judgment of June 11, 1991, No. 91-5005. We held that under Rael v. Sullivan, 918 F.2d 874, 875 (10th Cir.1990), cert. denied, 111 S.Ct. 1328 (1991), "a complete failure to instruct on an essential element of an offense violates the right to due process." We also noted that the district court had not engaged in the "cause and prejudice" analysis mandated by Harris v. Reed, 489 U.S. 255, 262 (1989), to determine whether the district court could consider the claim despite the Oklahoma court's previous holding of procedural bar. We therefore remanded for a proper application of this test.
 
 
 4
 On remand, the district court concluded that the appellant had demonstrated neither cause nor prejudice. Furthermore, the court held that even if this failure did not prevent federal review, the underlying claim had no merit because the state court had in fact instructed the jury on the element of intent consistent with Oklahoma law. We agree.
 
 
 5
 Accordingly, for substantially the reasons stated in the district court's order of January 8, 1992, we AFFIRM.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3