60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby W. COLLINS, Petitioner--Appellant,
v.
STATE of Oklahoma, and Attorney General of the State Of
Oklahoma, Respondents--Appellees.
 No. 95-6099.
 United States Court of Appeals, Tenth Circuit.
 July 10, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Bobby Wayne Collins appeals the dismissal of his first petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Although serving a life sentence, Mr. Collins contends he is being unconstitutionally denied earned and good time credit deductions from his life sentence. Okla. Stat. Ann. tit. 57, 138 (supp.1973). His argument flows from the fact that the Oklahoma Pardon and Parole Board, by written policy, considers life termers eligible for consideration for parole after they have served one-third of a presumed 45-year term. Thus, Mr. Collins reasons, he is entitled to statutory credits against his 45-year term and immediate or speedier release. He has written a well-organized, coherent brief in support of that position.
 
 
 3
 However, we agree with the district court that there is nothing in the 1973 statute which creates a right to credits against life terms. The fact that the prohibition is made explicit in the 1976 statute, Okla. Stat. Ann. tit. 57, 138 (supp.1976), is not proof, as Mr. Collins urges, that no prohibition existed before. Rather, it is more supportable, as the district court concluded, that the 1976 statute only made explicit what was already implicit in the 1973 statute. And, while Mr. Collins insists that the Pardon and Parole Board exercised quasi-legislative powers when it issued its deemed 45-year policy, he does not explain why that policy fails to override the 1976 statute's prohibition of credits against life terms. Likewise, the policy equally fails to affect the 1973 statute.
 
 
 4
 In any event, as the district court found, the decisive point is that the Oklahoma courts have examined these statutes and policies and have rejected Mr. Collins' interpretation. In the course of exhausting his state remedies Mr. Collins submitted in state courts the arguments he makes here, and received the following response from the Oklahoma Court of Criminal Appeals:
 
 
 5
 The record reveals that Petitioner was originally sentenced to death for his crime, but this sentence was later modified to life imprisonment. Consequently, no matter how many good time and earned credits to which the Petitioner may allege he is entitled, applying those alleged credits against his term of life imprisonment would still leave the Petitioner with the remainder of his life to serve in atonement for his crime. Consequently, the Petitioner has not demonstrated that he is entitled to relief as a matter of law.
 
 
 6
 Order Denying Petition for Writ of Mandamus Collins v. Oklahoma, H-93-904 (Okla.Crim.App. Oct. 5, 1993), cert. denied, Collins v. Oklahoma, 82,499 (Okla. Nov. 8, 1993.)
 
 
 7
 Contrary to Mr. Collins' assertion, and that of the magistrate judge in his original report and recommendation, this opinion by the Court of Criminal Appeals is not inconsistent with an earlier order by the Court of Criminal Appeals denying Mr. Collins relief on the point in question. In that order, the court denied relief because Mr. Collins could not demonstrate that he was entitled to immediate relief. Order Denying Writ of Habeas Corpus, Collins v. Oklahoma, H-90-1234 (Okla.Crim.App. Feb. 6, 1991). But the court--characterizing Mr. Collins' arguments as frivolous--emphasized that its holding rested on only one of multiple reasons why he was not entitled to relief. Id.
 
 
 8
 We do not sit as a court of appeals from judgments of state appellate courts. Those courts are entitled to interpret state statutes, and we are bound by those interpretations unless the federal constitution shows those interpretations to be unconstitutional. That is assuredly not the case here. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); Manlove v. Tansy, 981 F.2d 473, 478 (10th Cir.1992); Rael v. Sullivan, 918 F.2d 874, 877 (10th Cir.1990), cert. denied, 499 U.S. 928 (1991). And, denying good time and earned credits to those serving life terms no more violates the Equal Protection Clause than does, for example, disparate treatment for sex offenders. See Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir.1992).
 
 
 9
 None of the procedural arguments raised by Mr. Collins (e.g., entitlement to summary judgment) have any merit. All orders prior to the district court's final order from which this appeal is taken were interlocutory; that is, subject to change while the case was ongoing.
 
 
 10
 We GRANT Mr. Collins' motion to proceed without prepayment of costs or fees, GRANT his application for a certificate of probable cause, and AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470