**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACK ADAM BENJAMIN, JR.,

Petitioner - Appellant,

v.

TWYLA SNIDER, Warden,

Respondent - Appellee.

No. 00-5147

(D.C. No. 98-CV-957-H)

(Northern District of Oklahoma)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Jack Adam Benjamin, Jr., appearing pro-se, seeks a certificate of

appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to appeal the district

---

<sup>*</sup> The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

court's denial of his habeas petition pursuant to 28 U.S.C. § 2241. [1] See Montez

v. McKinna , 208 F.3d 862, 866-67 (10th Cir. 2000) (holding petitioners must be

granted COA before they may appeal a denial of a § 2241 habeas petition). The

district court denied Benjamin's habeas petition on the ground that the Ex Post

Facto Clause of the United States Constitution was not violated by the revocation

of his parole in 1997. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we

deny Benjamin's application for COA and remand this case to the district court to

dismiss without prejudice for failure to exhaust state remedies.

In 1971 Benjamin began serving a life sentence for the Oklahoma state

crime of robbery by firearms. In 1983 he was paroled, but violated his parole in

1997, after which his parole was revoked in part, and he was sent back to prison

to serve five years. He contends that although he was convicted in 1971, the

Oklahoma Department of Corrections ("ODOC") applied its policy OP-060211,

relying on O.S. Supp. 1976, § 138 and later versions of that statute, to deprive

him of earned credits on his five-year term of imprisonment for violating his

parole. Under the 1971 version of that statute, he contends he would have been

---

[1] The district court treated Benjamin's petition as falling under 28 U.S.C. § 2254. However, under our precedent a petition for writ of habeas corpus filed by a state prisoner challenging the execution of his sentence, rather than the validity of the sentence itself, is properly construed as falling under 28 U.S.C. § 2241, and we do so here. See Montez v. McKinna , 208 F.3d 862, 864-65 (10th Cir. 2000) (construing a habeas petition under § 2241 despite the district court's treatment of the petition under § 2254).

entitled to those credits.  In December 1998, Benjamin filed the instant habeas petition in United States District Court for the Northern District of Oklahoma, claiming the state's refusal to apply earned time credits to his five-year term violated his rights under the Ex Post Facto Clause of the United States Constitution.  Finding the record unclear as to whether Benjamin had exhausted his state remedies, the district court nonetheless denied his habeas petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). [2]

"Generally, it is a prerequisite to habeas relief that a petitioner exhaust his remedies in state court."  Clayton v. Gibson, 199 F.3d 1162, 1170 (10th Cir. 1999) (citing 28 U.S.C. § 2254(b)(1)),  cert. denied, 121 S. Ct. 100 (2000);  see also Montez, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991))).  "The exhaustion requirement is not jurisdictional, however, and may be waived by the state or avoided by the petitioner if an attempt to exhaust would be futile."  Clayton, 199 F.3d at 1170 (citing Demarest v. Price, 130 F.3d 922, 933-34 (10th Cir. 1997)).  According to his petition in the district court below and the state's response to his petition, Benjamin has never challenged in state court the ODOC's refusal to

---

[2] The district court relied in part on a previous unpublished order of this Court in Collins v. State, No. 95-6099, 1995 WL 405112 (10th Cir. July 10, 1995).  Despite its persuasive value, that order constitutes non-binding precedent.

apply time credits to his sentence.  Neither of the exceptions to the exhaustion requirement applies.  First, because the earned credit issue Benjamin seeks to bring arose after his initial application for post-conviction relief, there is no indication that he would be procedurally barred from bringing a challenge to the ODOC's earned credit policy in Oklahoma state court.        See Okla. Stat. Ann. tit. 22, § 1081 (permitting applications for post-conviction relief to be entertained in "the district court in the county in which the parole. . . was revoked");        id. § 1086 (statutory provision governing second or successive applications for post-conviction relief);   Stewart v. State  , 495 P.2d 834, 836 (Okla. Crim. App. 1972) (holding a defendant may assert the denial of a constitutional right for the first time under the Post-Conviction Procedure Act because the substance of the claim did not exist at the time of the first application for state post-conviction relief).  Second, his failure to exhaust state remedies was expressly raised in the state's response to his petition and thus has not been waived.        See Demarest , 130 F.3d at 933-34.

Due to Benjamin's failure to exhaust his state remedies, we refuse to pass judgment on the merits of the claim he raises in the instant habeas petition.  Our reluctance to do so stems from the purposes of the exhaustion doctrine itself.

> The exhaustion doctrine, which was codified in 1948, began as "a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal

restraint or confinement.'" Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 490 (1973) (quoting Secretary of State for Home Affairs v. O'Brien, [1923] A.C. 603, 609 (H.L.)). Although the doctrine advances several interests, see Deters v. Collins, 985 F.2d 789, 794 (5th Cir. 1993), it "is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982).

Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Id. (quoting Darr v. Burford, 339 U.S. 29 (1950)).

Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). We recognize that "it is appropriate for a federal appellate court to address the merits of unexhausted . . . federal habeas corpus claims if they fail . . . to raise even a colorable federal claim, and if the interests of justice would be better served by addressing the merits of the habeas petition." Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir. 1992); see also 28 U.S.C. § 2254(b)(2). In that way, we may avoid "a belated application of the exhaustion rule [that] might simply require useless litigation in the state courts." Granberry v. Greer, 481 U.S. 129, 133 (1987). However, in the present case, we are not convinced that the petition is meritless. Thus, considerations of comity and federalism otherwise counsel strict adherence to the exhaustion doctrine. On remand, the district court should dismiss this matter without prejudice for failure to exhaust state remedies. After exhausting his state

remedies, Benjamin is free to file a new habeas petition in federal district court.

The application for COA is **DENIED**. This matter is **REMANDED** to the district court for proceedings in accordance with this order.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge