FILED
United States Court of Appeals
Tenth Circuit

May 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL C. ALLEN,

               Petitioner - Appellant,

v.

STEVEN TURLEY, Warden; STATE
OF UTAH,

               Respondents - Appellees.

No. 10-4212

(D.C. No. 2:08-CV-00858-DAK)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Paul C. Allen, appearing pro se, requests a certificate of

appealability (COA) to appeal the district court's denial of his application for

relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal

denial of application). Because Defendant has failed to make a substantial

showing of the denial of a constitutional right, we deny his request for a COA and

dismiss this appeal.

I.      **BACKGROUND**

Defendant was accused of committing aggravated murder of his wife Jill

Allen, conspiracy to commit aggravated murder, and criminal solicitation. A jury

found him guilty of aggravated murder on February 23, 2000. The jury was

instructed that if it found Defendant guilty of aggravated murder, it should not render a verdict on the other two charges.

On February 11, 2005, the Utah Supreme Court affirmed Defendant's conviction on appeal. He then petitioned in Utah state district court for postconviction relief, which was denied on March 14, 2007. The denial was affirmed by the Utah Supreme Court on August 19, 2008. On April 2, 2009, Defendant filed an amended petition for postconviction relief in state district court. It was denied on April 9, 2009, and the denial was affirmed by the Utah Court of Appeals on July 30, 2009.

On November 7, 2008, Defendant filed his application for relief under 28 U.S.C § 2254 in the United State District Court for the District of Utah. His brief in support of the application claimed that (1) he received ineffective assistance of counsel; (2) he was deprived of an impartial tribunal in violation of his First and Fourteenth Amendment rights; (3) the jury instructions were confusing and coercive; (4) the jury received a constitutionally flawed burden-shifting instruction; (5) the special-verdict form mandated a verdict of guilty on the aggravated murder charge; (6) the court violated his constitutional rights by not allowing him to be present at various hearings and conferences, by allowing multiplicitous overlapping counts, by admitting evidence of fraudulent credit card purchases, by not allowing the jury to deliberate on all the charges, and by not allowing him to cross-examine state witnesses; (7) his right to a jury trial was

violated because no verdict was reached on the conspiracy and solicitation charges; (8) there was juror and prosecutorial misconduct; (9) the jury was wrongly informed that one of the prosecution's witnesses did not receive a written immunity agreement and was wrongly denied trial-testimony transcripts; and (10) a minute entry wrongly stated that he was found guilty of all three counts. On November 1, 2010, the district court denied Defendant's § 2254 application as procedurally barred.

## II.    DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Because Defendant has proceeded pro se, we construe his pleadings liberally. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1210 n.1 (10th Cir. 2009). We need consider only the arguments raised by Defendant in this court. As best we understand his appellate brief, he raises the following seven

contentions: (1) his Sixth Amendment rights were violated because no verdict was required for the conspiracy and solicitation counts; (2) the district court incorrectly told the jury that one of the witnesses did not have a written immunity agreement; (3) a minute entry for his jury trial erroneously stated that he had been found guilty on all three counts; (4) the district court erred by improperly admitting evidence of his fraudulent use of a credit card; (5) the jury instructions on the solicitation charge were erroneous; (6) the special verdict form directed a verdict for the state on the murder charge; and (7) he was not afforded effective assistance of counsel. Although the district court rejected all Defendant's claims as procedurally barred, we base our denial of a COA on the patent lack of merit of the claims.

Defendant's first claim is that he was deprived of the right to a jury trial because the jury was instructed not to render a verdict on the conspiracy or solicitation charges once it found him guilty of murder. He suggests that because he was not present at the scene of the murder, he could be found guilty of aggravated murder only if he was guilty of the conspiracy or solicitation charges. But he does not challenge the adequacy of the aggravated-murder instructions; and so long as the jury found the elements of that offense, it was hardly necessary for it to find that the same evidence would also establish another of the charged offenses. The failure of the jury to render a verdict on the conspiracy or solicitation charges does not in any way indicate that the jury did not find all the

elements necessary for the murder conviction. In short, he received the jury trial to which he was entitled on the murder charge.

Defendant's second claim fails for lack of prejudice. Even if the trial judge erroneously told the jury that the immunity agreement was not in writing, we cannot see what difference it could have made to the jury whether the agreement was written or oral. Defendant asserts that the jury did not know that there was an oral immunity agreement. But the record, including excerpts quoted in Defendant's own brief, establishes otherwise.

Defendant's third claim is deficient for the same reason. He does not suggest that any harm befell him because of the incorrect minute entry that he had been convicted of solicitation and conspiracy.

As for the fourth claim, Defendant has not argued that it implicates federal law. Perhaps the admission of the credit-card evidence was contrary to Utah's rules; but it is well-settled that errors of state law do not merit federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Likewise, Defendant's fifth claim—a challenge to the instructions on the solicitation charge—is a matter of Utah law, not cognizable under § 2254. *See Rael v. Sullivan*, 918 F.2d 874, 876–77 (10th Cir. 1990).

Defendant's sixth claim is equally meritless. The court instructed the jury that it could consider the three charges in any sequence it desired, but that if it found Defendant guilty of aggravated murder, it should not render a verdict on the

two other charges.  We fail to see how the instructions or the verdict form in any way coerced the jury into finding Defendant guilty of murder.

Finally, insofar as Defendant is arguing that he was denied effective assistance of counsel, he is asserting only that his attorneys should have raised the other issues he is now raising in this court.  But because those issues lack merit, his ineffective-assistance claim fails.  *See Upchurch v. Bruce*, 333 F.3d 1158 1163–64 (10th Cir. 2003).

## III.   CONCLUSION

Because no reasonable jurist could debate the merits of Defendant's claims, we DENY a COA and DISMISS the appeal.  We GRANT Defendant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge